IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

LaShaun Reed,   Case No. 3:15CV00331

    Petitioner,

    v.   **ORDER**

Jay Forshey,

    Respondent.

This is a habeas corpus case under 28 U.S.C. § 2254. Pending for review are the petitioner's objections (Doc. 16) to a Magistrate Judge's Report & Recommendation (R&R), in which the Magistrate Judge recommends dismissal of the petition with prejudice. (Doc. 14).

On *de novo* review, for the reasons that follow, I find the R&R well taken. Accordingly, I adopt the R&R as the order of this court and dismiss the petition with prejudice.

I decline to grant a Certificate of Appealability, as jurists of reason could not disagree with the R&R or this Order adopting the R&R and granting dismissal with prejudice.

**Background**

A jury in the Wayne County, Ohio, Court of Common Pleas returned a verdict of aggravated murder. The evidence shows that during the early morning hours of December 10, 2011, the petitioner, after arming himself with a handgun and unsuccessfully trying to obtain an AK-47 (which, however, lacked a magazine and, thus, was useless), approached the victim, "Gucci." Petitioner put his weapon to Gucci's chest, asking him if he was Gucci. Gucci tried to grab the gun; it fired. Gucci

and petitioner struggled on the ground. As Gucci was trying to get up, petitioner fired a second shot. Gucci died shortly thereafter.

The state court of appeals rejected all but one of petitioner's assignments of error. (Relating to sentencing, that issue is not relevant to the instant § 2254 proceeding). The Ohio Supreme Court declined review. The state courts rejected petitioner's post-conviction petition.

Petitioner timely filed the instant § 2254 petition, in which he raises two claims of ineffective assistance of trial counsel, namely that counsel failed: 1) to move to suppress the testimony of a witness, Samantha Ralston, though her testimony resulted from an impermissible suggestive set of photo arrays; and 2) to object to the role that the petitioner's refusal to accept a plea bargain (for an agreed fourteen-year sentence) played when the judge sentenced petitioner to a term of life without parole.

In an extensive and detailed R&R, the Magistrate Judge concluded that the state appellate court's decision to reject both contentions was neither contrary to nor involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court, *see* § 2254(d)(1).

**Discussion**

The petitioner's objections challenge the merits of the state court's determinations that the photo arrays were not impermissibly suggestive and that the sentence the petitioner received did not manifest a vindictive intent to punish the petitioner for exercising his fundamental right to reject a plea offer and stand trial. The problem with the petitioner's objections to the R&R is that the petitioner fails entirely to argue, much less meet, the standard of § 2254(d)(1). It is not enough to suggest or even show error on the part of the state courts (and Magistrate Judge *vis-a-vis* his view

2

of the state court's actions). Instead, the petitioner must show that the Magistrate Judge's application of the § 2254(d)(1) standard was lacking and that the state court's rulings on the merits (that in neither regard was counsel's performance constitutionally inadequate) was either contrary to or involved an unreasonable application of controlling Supreme Court case law.

Petitioner's objections fail to meet this burden.

In any event, I have undertaken an independent *de novo* review of the record, state courts' decisions, and applicable legal doctrines. I agree with the state courts and Magistrate Judge that the photo arrays were not impermissibly suggestive. The first array, which petitioner's objections reproduce, consisted of blurred, dim, and indistinct booking photos of substantially similar African-American males. I agree with the investigating officer's assessment that there was little likelihood anyone could be picked out from that array.

I also disagree with the petitioner's contention that including the petitioner's photo in the first array (which left Ms. Ralston unable to choose anyone of the depicted men as the shooter) improperly or impermissibly preconditioned her to select the petitioner's driver's license photo as that of the shooter. This is so, even though the petitioner was the only person depicted in both sets of photos.

There appears, in any event–though neither the state courts nor the Magistrate Judge reached the issue–that even if the arrays were constitutionally defective, that failing did not affect the outcome. When asked who shot him, the victim said, "Shaun." (The petitioner's suggestion that the victim may have been referring to the petitioner's brother, Ashon, due to the similarity between the last syllables of their names is speculative and unpersuasive).

There were other witnesses, including the petitioner's own brother, who knew him well; among those witnesses were persons who had been with petitioner in the period immediately before

3

the shooting. They testified he was armed (and sought unsuccessfully even more forceful firepower) because he was afraid Gucci, a "Detroit Boy" who had been hanging around the City of Wooster, was going to shoot up the petitioner's house. At least one witness testified that he saw the petitioner fire the second shot into Gucci as he was on the ground.

From the record, it is reasonable to infer that even if the state courts and Magistrate Judge erred in finding no deficiency in the initial determination as to suggestiveness, no basis existed for finding that any impermissible suggestiveness affected the jury's verdict.

Finally, the petitioner's challenge to his lawyer's failure to object to the possibility of judicial vindictiveness in response to the petitioner's having stood trial likewise merely urges me to substitute my view of the constitutional legitimacy of the sentence for that of the state courts. However, § 2254(d)(1) precludes me from doing so. Habeas review does not involve reversal as if on another level of appellate review; relief only comes when a petitioner meets his burden under § 2254(d)(1).

Petitioner's objections in this case fail to meet that burden.

**Conclusion**

For the foregoing reasons, it is, hereby,

ORDERED THAT:

1. The petitioner's objections (Doc. 16) to the Magistrate Judge's Report & Recommendation (Doc. 14) be, and the same hereby are, overruled;

2. The Magistrate Judge's Report & Recommendation be, and the same hereby is, adopted as the Order of this Court; and

3. The petition be, and the same hereby is, dismissed with prejudice.

      Jurists of reason could not reasonably dispute the rationale, findings, and conclusions of the Magistrate Judge's Report and Recommendation or of this Order, and I, therefore, decline to issue a Certificate of Appealability.

      So ordered.

                                               /s/ James G. Carr
                                               Sr. U.S. District Judge